UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MARKITA D. SIMON, | Case No. 23-CV-2640 (KMM/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL SEGAL, Warden, | |
| Respondent. | |

---

Petitioner Markita D. Simon is a prisoner at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"). While at FCI-Waseca, Ms. Simon has been earning 10 days of time credits each month under the First Step Act of 2018 ("FSA") by participating in evidence-based recidivism reduction programming. *See* 18 U.S.C. § 3632(d)(4). Usually, a federal prisoner can apply these time credits towards earlier release from custody or a transfer to prerelease custody, but Ms. Simon has been adjudged to be at high risk of recidivism, and therefore the Federal Bureau of Prisons ("BOP") has refused to apply the time credits that Ms. Simon has earned. In the petition for a writ of habeas corpus now before the Court, Ms. Simon asks that the Court direct the BOP to apply her earned time credits towards her sentence. If that was done, Ms. Simon would be entitled to immediate release from prison.

1

Ms. Simon's habeas petition is before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, this Court concludes that the habeas petition should be denied.

The habeas petition can be understood as raising two interrelated claims. The first claim from Ms. Simon—the central claim of the petition—is that she has earned time credits by participating in recidivism reduction programming and that the BOP is without authority to not apply time credits once earned. But the BOP plainly *does* have the authority, granted by statute, to decline to apply earned time credits in the case of prisoners who have not maintained a minimum or low recidivism risk or who have not demonstrated recidivism risk reduction. *See* 18 U.S.C. § 3624(g)(1)(B). Far from "fail[ing] to maintain its statutory duty" (Pet. at 7, Dkt. No. 1), as Ms. Simon contends, the BOP is straightforwardly following the system laid out by Congress within the FSA. *See also* 18 U.S.C. § 3632(d)(4)(C) ("The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release."); *Williams v. Segal*, No. 23-CV-1528 (NEB/TNL), 2023 WL 4907800, at *3 (D. Minn. June 28, 2023) ("[T]he law expressly states that Williams—whose risk of recidivism is "high"—is not eligible to have her FSA credits applied to her supervised release date."); *Griffis v. Segal*, No. 23-CV-1525 (JRT/DLM), 2023 WL 5447282, at *3 (D. Minn. Aug. 24, 2023).

---

[1] The habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. *See* Rule 1(b).

Ms. Simon's second claim is only hinted at in the habeas petition, but she suggests that § 3624(g) should not restrict the BOP from applying her earned time credits because she should not be adjudged to be a high risk of recidivism. (Pet. at 3 ("My recidivism has not been taken down or points ever calculated correctly"); *id.* at 7 ("The BOP [h]as failed to apply my FSA credits due to not properly calculating my points and applying information.")). There are two problems with this *sotto voce* claim. The first problem is that the claim is underpleaded. Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petition "state the facts supporting each ground." This is an obligation more strenuous than the notice pleading required by Rule 8(a) of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). A habeas petitioner must plead a sufficient factual basis to permit the Court to determine whether there are grounds for requiring the government to respond to the petition and a sufficient factual basis for the government to adequately file a response. The recidivism-classification claim falls short in this regard, as there is no way of knowing from the petition *why* Ms. Simon believes her recidivism level to be miscalculated.

The second problem with this claim is that Ms. Simon sought administrative relief from the BOP only on the grounds that the BOP could not refuse to apply time credits, not on the grounds that the BOP had misclassified her as having a high risk of recidivism. (Pet. Ex. at 1, Dkt. No. 1-1). A prisoner challenging her confinement under 28 U.S.C. § 2241 generally must first attempt to resolve her concerns within the prison system by exhausting administrative remedies. *See, e.g.*, *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir.

2009) (citing cases). Ms. Simon did not exhaust administrative remedies with respect to her misclassification claim; there is no obvious reason why she could not have.[2]

Accordingly, it is recommended that the petition be denied. Because Ms. Simon's habeas petition is recommended for summary dismissal, it is further recommended that her pending IFP application be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Finally, a brief diversion:

Ms. Simon's first claim—that the BOP has misapplied the FSA—is not amenable to repleading; she is simply wrong on the law. Ms. Simon's second claim, by contrast, could conceivably be repleaded following her exhausted of administrative remedies. In the context of non-habeas litigation, this Court would recommend dismissal of the first claim with prejudice and the second claim without prejudice. But principles of res judicata do not apply to habeas proceedings. *See Sanders v. United States*, 373 U.S. 1, 8 (1963) ("The inapplicability of res judicata to habeas, then, is inherent in the very role and function of the writ."). To dismiss Ms. Simon's first claim "with prejudice" would be meaningless, as the Court cannot, as a formal matter, preclude Ms. Simon from raising the claim again.[3]

---

[2] To be sure, the exhaustion requirement of § 2241 is judicially created and therefore can be disregarded where appropriate, *see Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), but this case offers a good example of why the exhaustion requirement was created in the first place. Had Ms. Simon exhausted her claim for relief, the dispute might not have required judicial resolution at all—but even if judicial resolution were required, the factual basis for her claim (and the BOP's factual or legal basis for denying that claim) would have been developed beyond the embryonic state in which the claim currently exists.

[3] The language of "with prejudice" and "without prejudice" has been preserved in habeas cases governed by § 2254. This is done not because of res judicata, but because 28 U.S.C. § 2244(b) restricts habeas petitioners proceeding under § 2254 from filing "second or successive" habeas petitions. A dismissal "with prejudice" in that context is intended to

That said, Ms. Simon should not read an invitation to return on the first claim into the absence of the words "with prejudice." For one thing, the abuse of the writ doctrine could reasonably be applied to any attempt to relitigate the claim. *See Franklin v. Warden, Rochester Med. Ctr.*, No. 22-CV-2311 (ECT/JFD), 2022 WL 16857214, at *1 (D. Minn. Oct. 20, 2022) (explaining abuse of the writ doctrine). For another thing, Ms. Simon's claim is, as it stands, borderline frivolous, as her interpretation of the FSA is flatly contradicted by the text of the statute. Ms. Simon deserves some leeway as a *pro se* litigant, and the BOP could have been clearer in its administrative denial that § 3624(g) that precludes application of the earned time credits, but if Ms. Simon were to return to federal court presenting the same claim, she would at that point have no reasonable basis for believing that she is entitled to relief on that claim. A claim that is not warranted by existing law or supported by a nonfrivolous argument for modifying the law is punishable through sanctions. *See* Fed. R. Civ. P. 11(b)-(c). And as the only person signing the habeas petition, Ms. Simon would be solely responsible for those sanctions, even if the document were to be prepared on her behalf by another prisoner.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Markita D. Simon (Dkt. No. 1) be **DENIED**.

---

distinguish those cases in which the restrictions imposed by § 2244(b) will follow from the dismissal.

2. Ms. Simon's application to proceed *in forma pauperis* (Dkt. No. 4) be

   **DENIED**.

Dated: September 20, 2023                    *s/ John F. Docherty*
                                             JOHN F. DOCHERTY
                                             United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).