UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Markita D. Simon,                                Case No. 23-cv-2640 (KMM/JFD)

    Plaintiff,

v.                                               ORDER

Michael Segal, Warden,

    Defendant.

This matter comes before the Court upon Magistrate Judge John F. Docherty's Report and Recommendation ("R&R") dated September 20, 2023. [ECF No. 5], recommending that Petitioner Markita D. Simon's *pro se* petition for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts be denied. [Petition, ECF No. 1]. Ms. Simon is a federal inmate at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"). Ms. Simon alleges that the Federal Bureau of Prisons ("BOP") has failed to apply her "Earned Time" credits for "Evidence-Based Recidivism Reduction Training" under the Act, and that the Defendant is without authority to decline to apply her credits. To date, no objections have been made to the R&R by Ms. Simon, though the deadlines for filing such objections passed three months ago.

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D.

Minn. 2021) (citing Fed. R. Civ. P. 72(b), and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)).

As stated by Judge Docherty, although Ms. Simon smay be eligible to earn time credits, those credits cannot be applied until she has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during [her] term of imprisonment." § 3624(g)(1)(B). Because Ms. Simon's srecidivism risk level is currently high, she is ineligible for application of FSA time credits until, among other requirements, her risk level is reduced to minimum or low.

Next, it is undisputed that Ms. Simon has earned time credits, a total of 1,149 program days, by participating in recidivism reduction programming. [ECF No. 1-1 at 5]. However, Ms. Simon's assertion that the BOP does not have the authority to refuse to apply time credits is plainly refuted by § 3624(g). The statute provides the BOP with authority to decline to apply earned time credits in the case of prisoners who have not maintained a minimum or low recidivism risk or who have not demonstrated recidivism risk reduction. *See* 18 U.S.C. § 3632(d)(4)(C) ("The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release."); *Williams v. Segal*, No. 23-CV-1528 (NEB/TNL), 2023 WL 4907800, at *3 (D. Minn. June 28, 2023) ("[T]he law expressly states that Williams—whose risk of recidivism is "high"—is not eligible to have her FSA credits applied to her supervised release date.").

Finally, Ms. Simon claims that § 3624(g) should not apply to her because she should not be adjudged to be a high risk of recidivism. But this claim is underpleaded as Rule 2(c) of the Rules Governing Section 2254 Cases requires habeas petitions to "state the facts supporting each ground." As clearly stated by the Magistrate Judge, Ms. Simon failed to do so in this case. And because she did not exhaust administrative remedies with respect to her misclassification claim, the review of her habeas petition is precluded.

Based on the Court's careful review of the R&R and the record in this case, the Magistrate Judge committed no error, clear or otherwise.

**IT IS HEREBY ORDERED** that: Magistrate Judge John F. Docherty's September 20, 2023, Report and Recommendation [ECF. No. 5] is **ADOPTED**.

**Let Judgment be entered accordingly.**

Date: January 11, 2024         *s/Katherine Menendez*
                               Katherine Menendez
                               United States District Court